**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES L. KERFOOT, SYLVIA F. KERFOOT, and PAUL CAMES, as Trustee in Bankruptcy for James and Sylvia Kerfoot, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No.: 1:13-cv-33 (WLS) |
| FNF SERVICING, INC. (D/B/A LOAN CARE SERVICING CENTER, INC.), a foreign corporation, | : : : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 37). Plaintiffs seek to amend their complaint to: plead additional facts relevant to the issue of LoanCare's alleged "notice of the fraudulent nature of the Lend America loans it was servicing and demanding payments on;" re-plead the predicate acts of mail fraud under 18 U.S.C. Section 1341 and wire fraud under 18 U.S.C. Section 1343 for purposes of their Georgia RICO claim; and add the additional predicate act of bankruptcy fraud under 18 U.S.C. Section 152 to their Georgia RICO claim. (Doc. 37 at 3-4.)

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)

(quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *see also Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Substantial reasons include undue delay, bad faith, or dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After reviewing the record, the Court concludes the Plaintiffs should be permitted to amend their complaint under Rule 15. Nothing in the record indicates that the amendment is offered in bad faith, with dilatory motive, or would cause undue delay. Plaintiffs' Motion to Amend was filed timely before the September 14, 2014 deadline for adding parties and amending pleadings.

The Court specifically notes Plaintiffs' motion to re-plead the predicate acts of mail fraud under 18 U.S.C. Section 1341 and wire fraud under 18 U.S.C. Section 1343. Plaintiffs assert that these claims were dismissed without prejudice. (Doc. 37 at 3.) On October 25, 2013, this Court granted in part Defendant's Motion to Dismiss, dismissing Plaintiffs' RICO claims premised on mail and wire fraud pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) without specifying whether the claims were dismissed with or without prejudice. (Doc. 13 at 13-14.)

The Court now considers whether that dismissal should have been with or without prejudice. A "district court has broad power to reconsider the correctness of its interlocutory rulings" at any time before final judgment. *United States v. Acosta*, 669 F.2d 292, 292 (5th Cir. Unit B 1982); *see also Hardin v. Hayes,* 52 F.3d 934, 938 (11th Cir.1995). An order on a motion to dismiss is an interlocutory order and may therefore be reconsidered at any time before entry of final judgment. *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010). Accordingly, this Court may reconsider the October 25, 2013 Order of dismissal (Doc. 13).

Eleventh Circuit precedent[1] holds that a dismissal with prejudice is an abuse of discretion where the balance of hardships weighs in favor of granting leave to amend. *Hitt v. City of Pasadena*, 561 F.2d 606, 609 (5th Cir. 1977). As the Court has already found, the balance of hardships weighs in favor of allowing Plaintiff leave to amend. Thus, upon further consideration and in the interest of justice, this Court's earlier Order of dismissal (Doc. 13) shall be without prejudice.

For those reasons, Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 37) is **GRANTED.** Plaintiffs shall file an amended complaint not later than **fourteen (14) days** after entry of this order.

**SO ORDERED**, this 15th day of September, 2014.


/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.