IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES L. KERFOOT, SYLVIA F. KERFOOT, and PAUL CAMES, as Trustee in Bankruptcy for James and Sylvia Kerfoot, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No.: 1:13-cv-33 (WLS) |
| FNF SERVICING, INC. (D/B/A LOAN CARE SERVICING CENTER, INC.), a foreign corporation, | : : : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Defendant's Motion for Reconsideration (Doc. 47) of the Court's October 16, 2014 Order amending the discovery schedule. In that Order, the Court granted-in-part Defendant's Motion for an Extension of the Discovery Period, extending the deadlines for fact discovery, dispositive motions, and *Daubert* motions related to dispositive motions. (Doc. 46.) The Court declined to extend the expert disclosure deadlines, citing Local Rule 6.2 and the Discovery and Scheduling Order, which requires any party seeking an extension of a deadline to do so by filing a written motion with the Clerk's office no later than two (2) business days before the expiration of the deadline sought to be extended. Since Defendant sought an extension of its Expert Disclosure Deadline on the day the deadline expired (September 25, 2014), the Court declined to extend that deadline and the corresponding deadline for Plaintiffs' disclosure of rebuttal expert witnesses.

Defendant now moves the Court to reconsider its Order denying Defendant's request to extend the expert disclosure deadline, arguing that its request to extend the expert disclosure deadline was timely because Local Rule 6.2 is inapplicable and because Plaintiffs agreed to extend Defendant's expert disclosure deadline to October 2, 2014. (Doc. 47.)

1

As noted by the Eleventh Circuit in *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions for reconsideration is within "the sound discretion of the district judge." The Court's Local Rules also address motions for reconsideration, and provide, in relevant part:

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. L. R. 7.6. It is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

With these standards in mind, the Court finds that Defendant has failed to demonstrate the existence of any of the three factors listed above. The Court finds that Defendant's motion specifically seeks to demonstrate that the Court made a clear error of law by arguing that an extension of the expert deadlines was not precluded by the Local Rules or the Scheduling Order and by arguing that the Court should have found good cause based on an agreement between the Parties that the Court was not even aware of at the time of its October 16, 2014 Order.

A United States District Court is vested with the authority and obligation to issue discovery scheduling orders in order to facilitate and regulate the discovery process. Fed. R. Civ. P. 16. Federal Rule of Civil Procedure 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Prior to the filing of the instant motion, the Court was unaware of any agreement between the Parties to extend Defendant's expert disclosure deadline to October 2, 2014. Furthermore, even if such an agreement were made, it would be ineffective without the consent of this Court. Fed. R. Civ. P. 16(b)(4). This extension was not sought in Defendant's Motion for an Extension of the Discovery Period.

(Doc. 41.) Rather, Defendant sought to extend its expert disclosure deadline to December 1, 2014. Plaintiffs opposed any and all deadline extensions requested by Defendant without mentioning any communication with Defendant about extending Defendant's expert disclosure deadline to October 2, 2014. (Doc. 44.) Furthermore, even if the agreement between the parties to extend the disclosure deadline to October 2, 2014 had a binding effect, Defendant did not comply because it did not serve its expert disclosure on Plaintiffs until after the Court's October 16, 2014 Order. Thus, any extension agreement between the Parties was not only ineffective because it was not approved by the Court but also does not provide a plausible basis for a "reliance" argument from Defendant since Defendant did not attempt to comply with that agreement.

The Court finds no clear error in its prior decision. The Court found Defendant's request to extend the expert disclosure deadlines to be without good cause and in violation of the Discovery and Scheduling Order. The Discovery and Scheduling Order reminded the Parties to seek extensions of deadlines for filing motions, pleadings, responses, or other documents no later than two (2) business days before the expiration of the time period sought to be extended. (Doc. 29.) Defendant argues that this requirement applies only to filings made with the Court, not to documents served on other parties in the course of discovery. Defendant ignores the spirit of the requirement, which is to encourage timeliness, diligence, and good faith throughout the course of litigation and avoid "emergency extension" scenarios.

Further, Local Rule 6.2 and this requirement in the discovery order do apply in this situation. The only way to seek a discovery deadline extension is by filing a motion with the Court. Fed. R. Civ. P. 16(b)(4). The deadline for filing such a motion would be, without further requirement, the date of the discovery deadline sought to be extended. However, the Discovery and Scheduling Order requires such a motion to be filed no later than two (2) business days before the expiration of the time period sought to be extended. Defendant violated this requirement by seeking an extension of a discovery deadline on the date that deadline expired. Additionally, Defendant has not adequately demonstrated that it could not have complied with the filing deadline requirement. The Court rightfully denied Defendant's

request for an extension of this deadline for lack of good cause. Defendant's Motion for Reconsideration (Doc. 47) is therefore **DENIED**.

    **SO ORDERED**, this 23rd day of October, 2014.

                                          **/s/ W. Louis Sands**
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**